Theresa M. BODNAR, Plaintiff-Appellant,

v.

Catherine BODNAR, Margaret Bodnar, Individually and as Administratrix of the Estate of Mary H. Bodnar, Deceased, et al., Defendants-Appellees.

No. 30514.

United States Court of Appeals, Fifth Circuit.

April 28, 1971.

J. M. Flowers, Miami, Fla., for appellant.

Sam Daniels, Miami, Fla., for M. Bodnar.

Irving Cypen, Miami Beach, Fla., Harris J. Buchbinder, Miami Beach, Fla., for remaining defendants.

Before JOHN R. BROWN, Chief Judge, and PHILLIPS * and INGRAHAM, Circuit Judges.

PER CURIAM:

The sole issue in this case is whether the District Court could properly dismiss Appellant's (Theresa M. Bodnar) case, without prejudice, after she had refused to submit to a mental examina-

* Of the Tenth Circuit, sitting by designation.

tion for the purpose of determining whether she was mentally competent to understand the nature and effect of the litigation she had instituted, so that if needed a guardian ad litem could be appointed. We affirm.

The Defendants filed a motion for an order requiring Theresa M. Bodnar to submit to an examination to determine if she were mentally competent to understand the nature and effect of her suit.

The District Judge, with ample factual basis for apprehending Appellant's incompetence, granted the motion. Appellant nevertheless refused to comply with this order. In view of this deliberate refusal to comply with the order, the Court dismissed the case without prejudice January 26, 1970.

Appellant took no appeal from the final judgment of dismissal, but she did file a petition of mandamus in this Court. We dismissed the petition.

With the judgment now final and unappealable, Appellant filed a F.R.Civ.P. 60(b) (4) motion in the Trial Court in which she sought to vacate the judgment of dismissal on the ground that it was void for want of jurisdiction. F.R. Civ.P. 60(b) (4). The Court denied the 60(b) motion. The Court had plenary power under F.R.Civ.P. 17(c), cf. F.R. Civ.P. 35(a), to order the examination of Appellant under appropriate protective restrictions as to which there can be no complaint here.

■■■■ A trial court is not powerless to ascertain whether a litigant is competent and, if it finds that he is not, to appoint a guardian ad litem. Where there is a showing of a substantial question of competency, the Judge with protective restrictions can, in making that determination, require a medical examination. Nothing in Schlagenhauf v. Holder, 1964, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152, in considering F.R.Civ.P. 35(a) compels us to reach a contrary result.

Affirmed.