**LIONEL E. CYNTJE, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, et al.,
Defendants**

Civil No. 81-321

**LIONEL E. CYNTJE, Plaintiff**

**v.**

**GOVERNMENT OF THE V.I., et al., Defendants**

Civil No. 82-41

**LIONEL E. CYNTJE, Plaintiff**

**v.**

**DAILY NEWS, et al., Defendants**

Civil No. 82-57

**LIONEL E. CYNTJE, Plaintiff**

**v.**

**CLYDE McBEAN, Defendant**

Civil No. 82-74

**LIONEL E. CYNTJE, Plaintiff**

**v.**

**UNITED STATES OF AMERICA, et al., Defendants**

Civil No. 82-158

District Court of the Virgin Islands
Div. of St. Thomas and St. John

September 2, 1982

LIONEL E. CYNTJE, St. Thomas, V.I., *pro se*

J'ADA FINCH–SHEEN, ESQ., Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendants Government of the V.I. and Clyde McBean*

JOHN G. SHORT, ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for defendants Daily News, Gannett Co., Ariel Melchoir, Jr. and Douglas S. Taylor*

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for defendants Radio Station WVWI, Thousand Islands Corp., and Lee Carle*

BERNARD VAN SLUYTMAN, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendants Caribbean Broadcasting and WBNB–TV*

HUGH P. MABE, ESQ., U.S. Attorney (Acting), St. Thomas, V.I., *for defendant United States of America*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

These several cases are before the Court on its own motion under Fed. R. Civ. P. 17(c). Upon review of these actions, as well as other matters filed by the plaintiff pro se in this Court which have previously been dismissed,[1] the Court finds that a factual issue has been raised as to whether the plaintiff, Lionel E. Cyntje, is mentally competent to understand the meaning and effect of the legal proceedings he has instituted. As a consequence, we will set these matters for hearing for the purpose of determining whether there is sufficient cause to have a psychiatrist appointed by the Court conduct a mental examination of the plaintiff. The reasons prompting us to take this course follow.

 This Court's authority to conduct an inquiry regarding a litigant's competency, is based on our grant of power under Fed. R. Civ. P. 17(c) to determine whether a guardian ad litem should be

---

[1] Cyntje v. Farrelly, No. 1978-100, dismissed Mar. 19, 1979; Cyntje v. Governor Juan Luis, No. 1978-263, dismissed Sept. 14, 1978; Cyntje v. Governor Juan Luis, No. 1978-298, dismissed Oct. 24, 1978; Cyntje v. Governor Juan Luis, No. 1979-1, dismissed Feb. 29, 1980; Cyntje v. Government of the Virgin Islands, No. 1980-108, dismissed June 2, 1980; Cyntje v. Government of the Virgin Islands, No. 1980-250, dismissed October 30, 1980.

appointed to represent a litigant in a pending civil action. Rule 17(c) provides:

> (c) Infants or Incompetent Persons. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

The power given to a district court to appoint a guardian ad litem "has been broadly interpreted and has not been limited by a narrow construction of the words 'infant' or 'incompetent person.'" Wright & Miller, Federal Practice and Procedure § 1570 at 776 (1971). Thus, "[e]ven in the absence of an inquisition of insanity or of a commitment", a court has the prerogative to appoint a guardian ad litem for a party it finds to be incompetent. Zaro v. Strauss, 167 F.2d 218, 220 (5th Cir. 1948).

When the competency of a party is raised, a court may require that party to submit to a psychiatric examination, so that the court may have medical facts on which its decision on the necessity of appointing a guardian ad litem can be based.

> The court, as a layman, cannot judge the plaintiff's mental stability. It is appropriate that the court be furnished up-to-date information concerning the plaintiff's present mental condition, both in order to consider the many facets of the trial and the proposed relief, and to avoid any risk of finding that the time required for pretrial proceedings and trial might prove futile.

Swift v. Swift, 64 F.R.D. 440, 442 (E.D. N.Y. 1974). See also Smith v. United States, 174 F.Supp. 828, 831 (S.D. Cal. 1959) ("[t]he Court, on that showing and on observation of the petitioner and his conduct, made a Minute Order appointing two psychiatrists to examine petitioner as to his present sanity, and whether or not he was then presently so mentally incompetent as to be unable to understand the proceedings or assist any counsel appearing on his behalf . . ."), appeal dismissed, 272 F.2d 228 (9th Cir. 1959), cert. denied, 362 U.S. 954 (1960), reh'g denied, 362 U.S. 992 (1960); Bodnar v. Bodnar,

441 F.2d 1103, 1104 (5th Cir. 1971) ("[w]here there is a showing of a substantial question of competency, the Judge with protective restrictions can, in making that determination, require a medical examination. . . ."), cert. denied, 404 U.S. 913 (1971). Furthermore, if a party-plaintiff refuses to submit to a court ordered mental examination regarding his or her competency, a court may properly dismiss the plaintiff's cause without prejudice. See Bodnar, supra. It has also been held that an action is subject to dismissal if a plaintiff refuses to permit a court appointed guardian ad litem to act on his or her behalf. See Gale v. Wagg, 140 F.Supp. 6, 9 (E.D. Mich. 1956).

Turning to the facts of the cases at bar, the Court has been given cause to question the mental competency of the plaintiff not only because of the nature and substance of plaintiff's complaints, but also because they are so numerous and, in substance, alike. Nine of the eleven complaints filed in this Court arise out of the plaintiff's allegations that he was illegally denied permission to operate an express bus service in St. Thomas and St. John by the Government of the Virgin Islands.[2]

In the action docketed at 1978-263, plaintiff alleged that "granting Mannassah Bus Lines, Inc., an exclusive franchise for the operation of a bus service on . . . St. Thomas . . . is [an action] of a totalitarian and communist state," and in violation of the U.S. Constitution. The relief requested was that plaintiff be "immediately" granted a license to operate an "Express Charter Service". The complaint in No. 1978-298 contained identical allegations and sought the same relief. The next action brought by plaintiff, docketed at No. 1979-1, contained similar allegations and demanded $1,500,000 in damages for plaintiff's injuries. The main difference between the action docketed at No. 1979-1 and the following action, No. 1980-108, was that the ad damnum clause was $100,000. The action docketed at No. 80-250 followed the format of the preceding actions except that the prayer was for $8,000,000 in damages. All of the aforesaid actions have been dismissed, some of them several times because of plaintiff's repeated motions for reconsideration. See, e.g., Order

[2] The two exceptions are Cyntje v. Farrelly, No. 1978-101 and Cyntje v. McBean, No. 1982-74. In Farrelly, the plaintiff asked that the constitution drafted by the Third Virgin Islands Constitutional Convention be declared void, because of the alleged lack of public input into the document. The complaint was dismissed as moot on March 19, 1979, due to the defeat of the proposed constitution by vote of the electorate on March 6, 1979. In McBean, plaintiff complains he was denied food stamp benefits without proper notice and seeks four million in damages for his alleged injuries. This action is still pending.

dated February 29, 1980, in the action docketed at 1979-1; Order dated October 30, 1980, in the action docketed at 1980-250.

Plaintiff's more recent actions are comprised of accusations of wrongdoing against various individuals who have some connection to the processing of his complaints regarding the alleged wrongful denial or permission to operate a bus service. For example, in the action docketed at No. 81-321, one of plaintiff's plaints is against the Presiding Judge and Clerk of the Territorial Court of the Virgin Islands. Plaintiff claims that he was denied due process because it took seven weeks before a decision was rendered on a motion for summary judgment in a Territorial Court action regarding a bus service on St. John. Plaintiff requested several million dollars for such alleged deprivation. In No. 82-41, plaintiff seeks the arrest of an Assistant Attorney General and the Lieutenant Governor, as well as several millions in damages, for their alleged role in the conspiracy to deny plaintiff the right to operate a bus service. In the action docketed at No. 82-57, plaintiff complains that a local radio station, television station, and newspaper have violated plaintiff's constitutional rights, because the broadcast media has not properly publicized plaintiff's court cases and other activities plaintiff has engaged in to obtain a right to operate a bus service. Finally, in No. 82-158, plaintiff has brought an action against various personnel of this Court for their alleged failure to properly process various court cases. Plaintiff seeks $120,000 in damages in that action.

Besides, in addition to the fact the plaintiff's allegations are often repetitive, there is the further problem that his allegations are often incomprehensible. Many of the complaints are handwritten, very vague and rambling, and require the Court, and the defendants, to speculate as to what the plaintiff is complaining about. Although we are mindful that the usual pro se litigant is not skilled in the art of drafting complaints, a litigant who in fact has a potential cause of action is usually able to make his contentions clear. Lionel E. Cyntje, however, is an exception. Most of his complaints consist of wild accusations upon which there is no legal basis for the recovery he seeks.

On all the foregoing we conclude that plaintiff's mental competency to file and prosecute court actions on his own behalf is subject to question. We will schedule a hearing in the matters currently pending, so that we can question Lionel E. Cyntje regarding the substance of his complaints. Such a hearing will afford the Court an opportunity to observe the plaintiff's behavior and lucidity. If, at the

completion of the hearing, we determine that plaintiff's mental competency remains at issue, we will appoint a psychiatrist to conduct a mental examination of the plaintiff.