880 F.2d 1119
 14 Fed.R.Serv.3d 884
 Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Donald SMALLWOOD; Lynn Waters; Lupe Torres; Kathleen
O'Leary, et al.; Orange County Medical
Association, Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Brent SUNDIN; James Alfano; Richard Beacom; Robert
Fitzgerald; Gerald O'Donnell, et al.,
Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff--Appellant,
v.
Augustus KASPER; Roni Nadler; Maria Linville; Betty
Linville; Luis Vargas; James Alfano; Everett
Dickey; Don Z. Miller; Keith Monroe;
Jay Cohn, et al.,
Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Paul LEE; Marshall Morgan; Richard Lavine; Morgan, Wenzel
& McNicholas; James Slack; Howard Weiss, et al.;
Robert Peter Weiss; Booth, Mitchel &
Strange; Harry Weiss,
Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Anthony GUALTIERI, M.D.; Vernon Leeper; Joseph Cosentino,
M.D.; Steven Wilford, et al., Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
P.J. ROTH; Robert Gates; Lynn D. Compton; Daniel Kremer;
Richard Torres; Rose E. Bird; Alice Warshaw; Glen Brown;
O'Flaherty, Prestholt & Bennington; Warren Deering; John
Stalberg, M.D.; Wallace Wade, et al., Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
TIMES MIRROR CORPORATION; Tom Johnson; Orange County
Register; Freedom Newspapers, Inc.; Bob Ostman;
County of Orange, et al., Defendants-Appellees.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
FREEDOM NEWSPAPERS, INC.; R. David Threshie; Halina
Osinski; Milton C. Grimes; John Dratz; County
of Orange; Thomas Crosby; Paul G.
Mast, Defendants-Appellees.
 Nos. 88-5632, 88-6356 to 88-6362.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 26, 1989.*
Decided July 26, 1989.
 
 Lawrence S. Krain, M.D., Chicago, Ill., pro per.
 Matthew K. Ross, Rutan & Tucker, Costa Mesa, Cal., for defendants-appellees.
 John K. Butler, Portigal, Hammerton & Allen, Santa Ana, Cal., for defendants-appellees.
 Mark Wray and Halina F. Osinski, Duffern H. Helsing, Inc., Santa Ana, Cal., for defendants-appellees.
 John J. Weber, O'Flaherty & Belgum, Los Angeles, Cal., for defendants-appellees.
 Eugene Illovsky, Munger, Tolles & Olson, Los Angeles, Cal., for defendants-appellees.
 Howard M. Fields and Debra Fischl, Fields, Hoffmann & Brandon, Encino, Cal., for defendants-appellees.
 Edmund G. Farrell, III, Murchison & Cumming, Los Angeles, Cal., for defendants-appellees.
 Roger H. Granbo, Deputy County Counsel, Los Angeles, Cal., for defendants-appellees.
 Steven M. Mitchel, Booth, Mitchel & Strange, Los Angeles, Cal., for defendants-appellees.
 Marsha S. Miller, Deputy Atty. Gen., Los Angeles, Cal., for defendants-appellees.
 Ragnhild Reif, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, Chief Judge, NELSON and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 Lawrence Krain appeals the dismissal with prejudice of eight lawsuits he filed, in pro per, in the district court. After determining that a substantial question existed regarding Krain's competency to proceed pro se, a magistrate ordered Krain to produce information needed to determine whether Krain was competent. In Krain v. Smallwood, et al. the magistrate ordered Krain to comply or show cause why the case should not be dismissed. Krain's appeal of this order to the district court was denied. In Krain v. Sundin, et al., on appeal to the district court the order was affirmed in part. Krain was warned that failure to comply might result in the dismissal of the seven cases captioned. Krain failed to comply with the orders. The magistrate recommended that Smallwood be dismissed. After conducting a de novo review of those portions of the recommendation to which objections had been filed the district court adopted the recommendation and dismissed the case with prejudice. The district court also dismissed the Sundin cases with prejudice.
 Rule 17(c) of the Federal Rules of Civil Procedure provides that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." If an infant or incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c). See Roberts v. Ohio Casualty Ins. Co., 256 F.2d 35, 39 (5th Cir.1958). The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if needed. See Cyntje v. Government of the Virgin Islands, 95 F.R.D. 430 (D.V.I.1982). When the party refuses to cooperate, however, the court may dismiss the case without prejudice. See Bodnar v. Bodnar, 441 F.2d 1103, 1104 (5th Cir.1971) (affirming a dismissal without prejudice where the plaintiff refused to submit to a mental examination to determine whether she was competent). Or the court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer. See Westcott v. United States Fidelity & Guaranty Co., 158 F.2d 20, 22 (4th Cir.1946) (affirming judgment against minor who was represented by an attorney but not a guardian ad litem).
 We hold that when a substantial question exists regarding the competence of an unrepresented party the court may not dismiss with prejudice for failure to comply with an order of the court. We reverse the dismissals with prejudice and remand to the district court. The district court has discretion to dismiss the cases without prejudice, appoint a lawyer to represent Krain, or proceed with a competency determination.
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)