891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Myron BROWN, Ted Millard, Kathleen O'Leary, Marsha Miller,
Esq., Barbara Perez, et al., Walter Work, Howard
Weiner; R. Butler, Defendants-Appellees.
 No. 89-55127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 8, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Lawrence Krain, M.D. ("Krain") appeals pro se the district court's dismissal with prejudice of his third amended complaint alleging federal constitutional and other state law claims against various Superior Court judges, members of the state Attorney General's office, the County of Orange and its prosecutors, and other private individuals. The district court adopted the magistrate's recommendations that Krain's civil rights and state law claims be dismissed for failure to state a claim, failure to include a short and plain statement of the case, and for failure to comply with orders of the court. We reverse and remand.
 
 DISCUSSION
 
 3
 Both the district judge and magistrate noted throughout the proceedings that Krain suffers from some sort of mental impairment. Rule 17(c) of the Federal Rules of Civil Procedure provides that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." If an incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c). Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir.1989).
 
 
 4
 Krain v. Smallwood involves another suit brought by Krain which was similarly dismissed on the recommendation of the same magistrate involved in this case. This court held in Smallwood that when a substantial question exists regarding the competence of an unrepresented party, the court may not dismiss with prejudice for failure to comply with an order of the court. Id. Accordingly, we reverse the dismissals with prejudice entered in this case and remand to the district court with the instruction that it may either dismiss the action without prejudice, appoint a lawyer to represent Krain, or proceed with a competency determination.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3