

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2006

# Richards v. Duke Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1170

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Richards v. Duke Univ" (2006). *2006 Decisions.* Paper 1729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1170
_____

SUZETTE RICHARDS,
Appellant

v.

DUKE UNIVERSITY; DUKE UNIVERSITY SCHOOL OF LAW;
DUKE UNIVERSITY BOARD OF TRUSTEES; NANNERL KEOHANE
in her personal and official capacity as President
of Duke University; GEORGETOWN UNIVERSITY;
GEORGETOWN UNIVERSITY LAW CENTER; FEDERAL BUREAU
OF INVESTIGATION; U.S. DEPARTMENT OF JUSTICE;
JOHN AND JANE DOES 1-10; MICROSOFT CORPORATION;
MICROSOFT EMPLOYEES A-J; WILLIAM H. GATES, III,
in his personal and official capacity as Chairman
of Microsoft Corporation; STEVE BALLMER, in his
personal and official capacity as Chief Executive
Executive Officer of Microsoft Corporation;
MELINDA GATES, ALBERTO GONZALES, in his official
capacity as Attorney General of the United States*

*(Amended - See Court's Order dated 6/17/05)

_____

On Appeal From the District Court
of the Virgin Islands
(D.C. Civ.  No. 03-cv-00079 )
District Judge: Honorable Thomas K. Moore

_____

Submitted Under Third Circuit LAR 34.1(a)

1

January 20, 2006

BEFORE: FUENTES, VAN ANTWERPEN and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: January 23, 2006)

_____

OPINION

_____

PER CURIAM

In May 2003, Suzette Richards, an attorney proceeding <u>pro se</u>, filed a complaint against Duke University, Georgetown University, the FBI, the DOJ, Microsoft and several individuals.  Appellee Duke University suggested that the District Court consider whether a guardian ad litem should be appointed for Richards pursuant to Fed. R. Civ. P. 17(c).  Richards agreed to be evaluated by a psychiatrist, who then submitted a report. After holding a hearing, the Magistrate Judge ordered that a guardian be appointed but stayed his decision pending an appeal to the District Court.  On December 30, 2004, the District Court affirmed the Magistrate Judge's order and ordered that the guardian be appointed expeditiously.  Richards filed a notice of appeal and a motion to stay the District Court's order, which this Court granted.

<u>Appellate Jurisdiction</u>

Before addressing the merits of the appeal, we must first determine whether we have jurisdiction.  Generally, we do not have jurisdiction over orders of the District Court that are not final.  Richards argues that we have jurisdiction over the District Court's

2

order under the doctrine of collateral orders of <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541 (1949). Under this doctrine, we may review a collateral order if it (1) conclusively resolves a disputed question; (2) resolves an important issue distinct from the merits of the case; and (3) is effectively unreviewable on appeal from a final judgment. <u>In re Ford Motor Co.</u>, 110 F.3d 954, 958 (3d Cir.1997).

In <u>Collinsgru v. Palmyra Bd. of Educ.</u>, 161 F.3d 225, 230 (3d Cir. 1998), we concluded that we had jurisdiction under the <u>Cohen</u> doctrine over a District Court order dismissing a son's claims under the IDEA after his parents were denied permission to represent him. We determined that the order met the first prong of the <u>Cohen</u> test because the appellants would have no further opportunity in the District Court to reopen the question of their ability to represent their son. As for the second prong, we noted that the issue of whether the appellants could represent their son was distinct from the merits of whether he was appropriately denied special education. We balanced the appellants' right to represent their son with the interest in avoiding piecemeal appeals and concluded that the issue was sufficiently important to outweigh the interest in finality. We noted "[u]nless appellants are able to obtain review of the question whether they may represent their son, it appears that they will be unable to proceed in the district court on a number of claims." <u>Collinsgru</u>, 161 F.3d at 229. We further concluded that the order also fulfilled the third <u>Cohen</u> prong. We analogized the denial of the right to proceed <u>pro se</u> to the denial of the right to proceed <u>in forma pauperis</u> which is immediately appealable. "Like

denial of leave to proceed in forma pauperis, denial of leave to proceed pro se in a civil action may operate to bar many litigants from prosecuting or defending their claims." Id. at 230.

In this case, the District Court conclusively resolved the issue of whether a guardian should be appointed. Appellee Duke University argues that the District Court order does not meet the second prong of the Cohen analysis because the decision to appoint a guardian was inextricably tied to the District Court's review of the complaint. However, while District Court's decision to appoint the guardian was based in part on the allegations of the complaint, the issue of whether Richards is competent is distinct from the issue of whether her allegations have legal or factual merit. Furthermore, the issue of whether Richards may proceed pro se and have control over her case is an important one.

Because, as in Collinsgru, Richards is being denied the right to proceed pro se, the District Court's order meets the third prong of Cohen. We noted in Collinsgru,"'[t]he right to represent one's self is effectively lost if not immediately vindicated,' because the harm in erroneously denying a party leave to proceed pro se is that it injures his dignity and autonomy, something that cannot later be repaired." 161 F.3d at 230 citing Devine v. Indian River County School Bd., 121 F.3d 576, 580 (11th Cir. 1997). This dignitary harm is even greater in the instant case as Richards has been labeled incompetent. Moreover, we note that the Magistrate Judge stated he was appointing a guardian ad litem "to review and determine whether this case should be maintained." Thus, like the appellants in

4

Collinsgru, unless Richards is able to obtain review of the question whether she is competent, "it appears that [she] will be unable to proceed in the district court on a number of claims." Because the District Court order's meets the Cohen test, we conclude that we have jurisdiction over the appeal. We now turn to the merits of the appeal.

Merits

Federal Rule of Civil Procedure 17(c) provides, in relevant part, that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." The decision as to whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court and will not be disturbed unless there has been an abuse of its authority. Gardner by Gardner v. Parson, 874 F.2d 131 (3d Cir. 1989). To show an abuse of discretion, an appellant must demonstrate that the District Court's ruling "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Interfaith Community Organization v. Honeywell, 399 F.3d 248, 253 (3d Cir. 2005).

While Rule 17(c) does not provide a standard for determining competency, Rule 17(b) provides that the capacity of a party to sue or be sued shall be determined by the law of the party's domicile. See Thomas v. Humfield, 916 F.2d 1032, 1035 (5th Cir. 1990)("Thus, in the context of someone seeking to pursue litigation in federal court on his own behalf, we interpret the term 'incompetent person' in Rule 17(c) to refer to a person

without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b).").  Under the Virgin Islands Code, a guardian may be appointed if it appears to the court that the person in question "is incapable of taking care of himself." 15 V.I.C. § 842.

The Magistrate Judge asked the psychiatrist to address "plaintiff's competency to prosecute this matter and whether the text of plaintiff's First Amended Complaint demonstrates delusional psychosis, paranoid schizophrenia or any other mental illness or abnormality."  The Magistrate Judge did not give the psychiatrist any guidance or standards as to how to determine the competence needed to litigate the case.  The psychiatrist diagnosed Richards as having a delusional disorder with grandiose and persecutory delusions.  He opined that as a result "she is incapable of distinguishing between reality and delusion (and is clearly unable) to prosecute this matter."  He further concluded that the allegations of Richards's First Amended Complaint demonstrated delusional thinking.  At the hearing, the Magistrate Judge noted the psychiatrist's findings and remarked that "it would be totally unfair to have the defendants respond to it or go further forward with further review of this complaint."  While the Magistrate Judge referred to Rule 17 and to Cyntje v. Gov't of the Virgin Islands, 95 F.R.D. 430 (D.V.I. 1982), in ordering that a guardian be appointed, he never cited the standard he was using to determine whether Richards was competent.   While he appeared to implicitly adopt the psychiatrist's opinions, the Magistrate Judge did not make any explicit factual findings on

6

the record to support his decision that a guardian should be appointed. Without further explanation, the District Court affirmed the Magistrate Judge's appointment of a guardian for the reasons given by the defendants in their opposition.

We believe it is clear that Richards is not "incapable of taking care of [herself]." According to the psychiatrist's report, she was employed as an attorney. The psychiatrist also stated that Richards presented as "intelligent, articulate, and enthusiastic. She spoke with great facility and was analytical and organized. All cognitive functions were intact." The psychiatrist noted that it appeared that Richards did not suffer from any perceptual disorders. Based on her pleadings, it is apparent that she can communicate her ideas effectively. The purpose behind appointing a guardian is to protect the interests of the incompetent person, not the defendants. Richards is clearly able to protect her interests in this litigation. She is able to "understand the meaning and effect of the legal proceedings [she] has instituted." Cyntje, 95 F.R.D. at 431.

We conclude that the District Court abused its discretion in appointing a guardian ad litem because it did not apply the correct standard or make any factual findings to support such a decision. Because it is clear that Richards is competent to proceed pro se, we will vacate the District Court's December 30, 2004, order and remand the matter to the District Court. We express no opinion on the legal or factual merit of Richards's claims. Appellees' motions to file a supplemental appendix are granted. Duke University's motion to dismiss the appeal is denied.