# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided April 10, 2009

No. 00-7279

ELENA STURDZA,
APPELLANT

v.

UNITED ARAB EMIRATES, ET AL.,
APPELLEES

———

Consolidated with 06-7061, 06-7069

———

Appeals from the United States District Court
for the District of Columbia
(No. 98cv02051)

———

*John A. King* and *Patrick James Attridge* were on the briefs for appellants Angelos Demetriou & Associates, et al.

*Elena Sturdza*, pro se, was on the brief for appellant Elena Sturdza. *Martin R. Baach* entered an appearance.

*Nathan Lewin* and *Alyza D. Lewin* were on the brief for appellee Nathan Lewin.

Before: TATEL and BROWN, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

PER CURIAM: During the course of an ongoing copyright lawsuit, appellant Elena Sturdza behaved in a manner that led her attorney to move for the appointment of a guardian ad litem. Ms. Sturdza refused to submit to psychiatric examination, and the district court appointed a guardian. While we appreciate the difficulty Ms. Sturdza has caused by failing to cooperate, we are compelled to remand for the district court to give her clear notice and an opportunity to be heard.

## I.

As a result of a dispute over the design of the embassy for the United Arab Emirates (UAE), Elena Sturdza, an architect, sued the UAE for conspiracy to commit sex discrimination, rival architect Angelos Demetriou and his firm for several torts, and both sets of defendants for copyright infringement and breach of contract. In 2002, we affirmed the district court's dismissal of Ms. Sturdza's sex discrimination claim, reversed the district court's grant of summary judgment as to her copyright claim and its dismissal of all her other claims, and certified to the District of Columbia Court of Appeals a licensing law question relevant to her breach of contract claim. *Sturdza v. U.A.E.*, 281 F.3d 1287, 1307 (D.C. Cir. 2002). We retained jurisdiction pending the Court of Appeals' resolution of the certified question. *Id.* at 1308.

Even though our decision was largely favorable, Ms. Sturdza, acting pro se and against her lawyer Nathan Lewin's advice, petitioned the Supreme Court for a writ of certiorari. *Sturdza v. U.A.E.*, 537 U.S. 810 (2002) (denying in forma pauperis status); *see also Sturdza v. U.A.E.*, 537 U.S. 1026

(2002) (denying reconsideration). Ms. Sturdza also accused Mr. Lewin of participating in a conspiracy to sabotage her case and mislead the court, and she refused to permit Mr. Lewin's former law firm to transfer the case file to him so he could prepare her appellate brief on the certified question. Citing this behavior, as well as his own interactions with Ms. Sturdza and a series of pro se filings she had insisted on making in this court, Mr. Lewin asked us to appoint a guardian ad litem. Instead of resolving that issue ourselves, we remanded the record for the district court to address the question in the first instance.

After an initial status conference on July 10, 2002, the district court referred the matter to a magistrate judge, who on October 9 held a status conference at which Ms. Sturdza refused to consent to psychiatric examination. The magistrate judge then issued a report and recommendation that, relying on the fact that Ms. Sturdza did not appear incompetent and had never been found to be so, recommended denying the motion for appointment of a guardian.

On April 24, 2003, the district court declined to adopt the report and recommendation, instead ordering Ms. Sturdza to show cause at a hearing why she should not be ordered to submit to psychiatric examination. Ms. Sturdza refused to appear at the hearing on June 4 or the rescheduled hearing on June 23. On August 26 the district court ordered Ms. Sturdza to submit to psychiatric examination and ordered both Ms. Sturdza and Mr. Lewin to propose two licensed psychiatrists by September 2. Mr. Lewin responded with two names; Ms. Sturdza offered none.

Two years later, the district court appointed a guardian, relying on litigation documents provided by Mr. Lewin, Ms. Sturdza's conduct at the status conferences, her pro se filings,

and her failure to appear at the June 4 and June 23, 2003 hearings or to submit the names of two psychiatrists as ordered. From this evidence, the district court concluded that Ms. Sturdza was "incapable of rational decision-making with respect to the instant case," *Sturdza v. U.A.E.*, No. 98-2051 (HHK), slip op. at 5 (D.D.C. Sept. 28, 2005), and noted that in light of Ms. Sturdza's refusal to submit to psychiatric examination, it could "think of no additional procedural safeguards that would assist in its decision to appoint a guardian ad litem," *id.* at 6. Although acknowledging some authority permitting dismissal without prejudice when a plaintiff refuses to submit to court-ordered psychiatric examination, the district court declined to exercise this option, instead interpreting Ms. Sturdza's refusal as "yet another indici[um] of her inability to make reasoned decisions concerning this litigation." *Id.* at 6 n.6.

Seeking to undo the appointment, Ms. Sturdza and defendants Mr. Demetriou and his firm appeal the district court's ruling. We have appellate jurisdiction because Ms. Sturdza's initial appeal remains before us pending the D.C. Court of Appeals' resolution of the certified question. For its part, the Court of Appeals has stayed its proceedings, awaiting resolution of the question whether Ms. Sturdza may represent herself.

## II.

Mr. Lewin argues that Mr. Demetriou and his firm lack standing to appeal the appointment of a guardian for Ms. Sturdza. We disagree. Given that the fees of any guardian ad litem can be taxed as costs, *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 854–55 (D.C. Cir. 1981), Mr. Demetriou and his firm have shown "an adverse effect" sufficient to give standing to appeal, *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C. Cir. 1996) (internal quotation

marks omitted). Ms. Sturdza, who fired Mr. Lewin after he filed the motion seeking a guardian, challenges his standing to contest her appeal. We have no need to address that challenge. Even were we to find that Mr. Lewin lacked standing, we could accept his brief as a friend of the court. *Cf. Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1030 (D.C. Cir. 2004) (noting appointment of amicus curiae "to present arguments in support of the District Court's judgment" when district court dismissed case sua sponte and defendants never appeared), *superseded by statute on other grounds*, National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3 (2008).

"Because a litigant possesses liberty interests in avoiding the stigma of being found incompetent, and in retaining personal control over the litigation, the Due Process Clause of the Fifth Amendment limits the district court's discretion with respect to the procedures used before appointing a guardian ad litem." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 651 (2d Cir. 1999) (citation omitted). When the party for whom the guardian is sought claims to be competent, at least "some hearing" is required. *Thomas v. Humfield*, 916 F.2d 1032, 1033 (5th Cir. 1990). Although this need not always take the form of a "full adversary hearing," at a minimum it entails "notice and an opportunity to be heard." *Id.* at 1034.

In this case, Ms. Sturdza never received notice and an opportunity to be heard on the question whether a guardian should be appointed. Neither proceeding she attended addressed that question. The July 10, 2002 district court status conference revolved only around the question whether to set a hearing at a later date. *See* Tr. at 29 (July 10, 2002) ("[T]his is simply not the time to address the merits of the motion . . . ."). The magistrate judge's October 9, 2002 conference concerned the question whether to schedule a full

hearing on the motion. *See* Tr. at 26 (Oct. 9, 2002) ("[W]e will not go forward with the evidentiary hearing today."). The magistrate judge never scheduled a hearing, instead concluding that Ms. Sturdza was not incompetent and recommending against appointing a guardian.

Nor did Ms. Sturdza receive a hearing at any time after the district court declined to adopt the magistrate judge's recommendation. Though Ms. Sturdza failed to comply with the district court's directions, none of the orders she disobeyed addressed the question whether to appoint a guardian. The district court scheduled the June 4 and June 23, 2003 proceedings, both of which Ms. Sturdza refused to attend, to determine "why she should not be ordered to undergo a mental examination by a licensed psychiatrist," not to answer the ultimate question whether to appoint a guardian. *Sturdza v. U.A.E.*, No. 98-2051 (HHK), slip op. at 4–5 (D.D.C. Apr. 24, 2003). Although in advance of these proceedings Ms. Sturdza did file a written submission claiming that she was competent, it seems quite clear from the record that she never received notice that her failure to comply would or could result in the appointment of a guardian. As for her failure to undergo a mental evaluation, the court's order stated generally that Ms. Sturdza was to meet with a psychiatrist, but it imposed no deadline for such an examination. Indeed, in soliciting two names each from Mr. Lewin and Ms. Sturdza, the order appears to have contemplated a further order selecting a psychiatrist and setting a deadline. *Sturdza v. U.A.E.*, No. 98-2051 (HHK), slip op. at 6 (D.D.C. Aug. 26, 2003) ("[B]y September 2, 2003, Mr. Lewin and Ms. Sturdza shall each submit to the court the names of two psychiatrists who they would propose to perform the examination that is the subject of this order . . . ."). But instead of issuing such an order, holding additional proceedings, or making any other contact with the

parties, the district court simply appointed a guardian ad litem. Thus, Ms. Sturdza never received a hearing, as there was no proceeding that she was told would be her opportunity to convince the court that appointment of a guardian was unnecessary.

We appreciate that Ms. Sturdza's refusal to comply made it difficult for the district court to adjudicate Mr. Lewin's motion. Also, based on the evidence of Ms. Sturdza's behavior, including her disregard of the district court's April 24, 2003 order to show cause why she should not be subject to mental evaluation, we think the court acted within its discretion when it concluded that doubts as to her competency justified compelled psychiatric examination. *See Cyntje v. Gov't of Virgin Islands*, 95 F.R.D. 430, 432 (D. V.I. 1982). And because no per se rule requires that a determination of incompetency rest on medical evidence alone, *cf. Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986) (noting that incompetence justifying a guardian ad litem need not be "accompanied by other forms of personality disorder"), the district court permissibly treated Ms. Sturdza's failure to comply with its entirely proper order directing psychiatric evaluation as a factor that, in combination with the other evidence of her conduct, supported the appointment of a guardian. That said, before adjudicating Ms. Sturdza incompetent and appointing a guardian, the district court should have ordered her to show cause why a guardian should not be appointed and informed her that in determining whether to appoint one, it would consider any failure on her part to comply or to submit to psychiatric evaluation. So long as the district court also made clear to Ms. Sturdza that she could seek to dismiss her case without prejudice if she wished to avoid either a psychiatric evaluation or the loss of control over her litigation, such notice would have been constitutionally adequate to allow the district court to rule on

the motion if she had persisted in noncompliance. *Cf. Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (holding that a court may dismiss without prejudice when a party refuses to cooperate with a competency assessment).

## III.

For the reasons stated above, we vacate the district court's September 28 and November 8, 2005 orders and its March 27, 2006 order, and remand the record for the district court to give Ms. Sturdza notice and an opportunity to be heard on the question whether it should appoint a guardian ad litem. The case remains in abeyance pending further order of the court.

*So ordered.*