MEMORANDUM **
Michael E. Allen, a California state prisoner, appeals pro se from the district court’s judgment enforcing the parties’ settlement agreement and dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Doi v. Halekulani Corp., 276 F.3d 1131, 1136 (9th Cir.2002), and we affirm.
The district court did not abuse its discretion by enforcing the settlement agree *741 ment in light of its findings that Allen authorized his former counsel to enter into the agreement on his behalf. See Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987) (“It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.”); Blanton v. Womancare, Inc., 38 Cal.3d 396, 212 Cal.Rptr. 151, 696 P.2d 645, 650 (1985) (explaining that, under California law, an attorney must have specific authority to settle his or her client’s claims). Allen has not demonstrated that the factual findings were clearly erroneous. See Rand v. Rowland, 154 F.3d 952, 957 n. 4 (9th Cir.1998) (en banc) (providing standard of review).
The district court did not err by declining to conduct a competency hearing or appoint a guardian ad litem before entering judgment because Allen failed to establish that there was a substantial question as to whether he was incompetent at the time of the evidentiary hearing or the settlement. See Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir.1989).
Allen’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.