**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRELANE HUGH HUNTER, | No. 08-35615 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-01557-MO |
| v. | |
| | MEMORANDUM* |
| MULTNOMAH COUNTY SHERIFF'S OFFICE; MULTNOMAH COUNTY JAIL; DAVID THOMPSON; CHRIS MONAHAN; BLAKE LEMONS; CATHY GORTON; JAMES POWERS, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted January 20, 2010**
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Trelane Hugh Hunter appeals pro se from the district court's decision granting the defendants' motion for judgment as a matter of law in his 42 U.S.C. § 1983 suit.

We review for an abuse of discretion. See Milicevic v. Fletcher Jones Imports, Ltd., 402 F.3d 912, 915 (9th Cir. 2005) (exclusion of witnesses); United States v. Etimani, 328 F.3d 493, 501 (9th Cir. 2003) (subpoenaing witnesses); Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998) (appointment of counsel); United States v. George, 85 F.3d 1433, 1437 (9th Cir. 1996) (ordering a psychological evaluation). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The facts of this case are known to the parties. We do not repeat them.

The district court did not abuse its discretion in refusing to exclude party-witnesses from the proceedings, see Federal Rule of Evidence 615, failing to request a subpoena sua sponte on Hunter's behalf, see Federal Rule of Civil Procedure 45, requiring Hunter to proceed pro se when volunteer counsel could not be secured, see Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 305–06 (1989), or failing to order a psychological evaluation of Hunter, see Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989) (noting such an inquiry is necessary only "when a substantial question exists regarding the mental competency of a party proceeding pro se").

**AFFIRMED.**