**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIAN M. HAWORTH, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SAMUEL MONTGOMERY, Owner of San Bernardino R.V. Park in San Bernardino, CA; LOIS MONTGOMERY, Owner of San Bernardino R.V. Park in San Bernardino, CA; JACK CUNNINGHAM, Offsite Manager of San Bernardino R.V. Park; LA CUMBRE MANAGEMENT COMPANY, INC., Owned by Jack Cunningham-Whom Manages San Bernardino R.V. Park; SAN BERNARDINO R.V. PARK, DBA James Murdock Located in San Bernardino, CA; SAM HARSIN, Onsite Manager of San Bernardino R.V. Park; PAMELA HARSIN, Onsite Manager of San Bernardino R.V. Park, <br><br> Defendants - Appellees. | No. 10-55453 <br><br> D.C. No. 5:09-cv-00372-SJO-RC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

S. James Otero, District Judge, Presiding

Submitted April 9, 2013[**]
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

Marian M. Haworth appeals pro se from the district court's judgment dismissing her housing discrimination action for failure to comply with a court order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion by dismissing Haworth's action without prejudice because Haworth failed to file a third amended complaint after being given two extensions of time to do so and being warned that failure to do so might result in dismissal. *See Pagtalunan*, 291 F.3d at 642–43 (discussing factors for dismissal under Fed. R. Civ. P. 41(b) and affirming dismissal where three out of five factors supported it).

Contrary to Haworth's contention, the district court was not obligated to consider appointing a guardian ad litem before dismissing her action because there was insufficient evidence of mental incompetence, and the dismissal was without

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

prejudice. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (a pro se civil litigant is "entitled to a competency determination when substantial evidence of incompetence is presented"); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (a district court may dismiss without prejudice for failure to comply with an order when a substantial question exists regarding a pro se litigant's mental competence).

Because we affirm the district court's dismissal under Rule 41(b), we do not consider Haworth's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Haworth's remaining contentions are unpersuasive.

**AFFIRMED.**

3

*Haworth v. Montgomery*, No. 10-55453

BERZON, Circuit Judge, dissenting:

I respectfully dissent from the majority's disposition.

**1.** In the district court, Haworth presented an array of documents demonstrating that she suffered from severe depression and recurring suicidal ideations, and that these conditions impeded her ability to respond to the court's orders in a timely manner. Because Haworth presented "substantial evidence of incompetence," I would hold that the district court abused its discretion by dismissing Haworth's action "for failure to prosecute without first holding a competency hearing." *See Allen v. Calderon*, 408 F.3d 1150, 1153–54 (9th Cir. 2005). I would therefore vacate the judgment and remand to the district court so that it may consider in the first instance whether appointment of a guardian ad litem is appropriate. *See* Fed. R. Civ. P. 17(c).

**2.** The majority relies on *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989), for the proposition that even "when a substantial question exists regarding a pro se litigant's mental competence," "a district court may dismiss without prejudice for failure to comply with an order," without holding a competency hearing. **Maj. at 3**. The majority misreads *Krain*. That case held that "[t]he preferred procedure when a substantial question exists regarding the mental

1

competence of a party proceeding pro se is for the district court to conduct" a competency hearing. *Krain*, 880 F.2d at 1121. *Krain* went on to note that because the party in that case had already refused to comply with an order necessary "to produce information needed to determine" his competency, dismissal without prejudice was also an appropriate remedy. *Id.*

Unlike in *Krain*, there is no evidence that Haworth refused to participate in competency determination proceedings. Haworth's case therefore does not present the unique facts in *Krain* that might warrant departing from the general rule that "[a] party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen*, 408 F.3d at 1153.