# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ERNEST LEE ALLEN,
　　　　　*Petitioner-Appellant,*

v.

ART CALDERON,
　　　　　*Respondent-Appellee.*

No. 02-16917

D.C. No.
CV-01-05994-
OWW/DLB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted
December 9, 2004—San Francisco, California

Filed May 3, 2005

Before: Diarmuid F. O'Scannlain, Robert E. Cowen,* and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Cowen

---

*The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

4807

**COUNSEL**

David M. Porter, Assistant Federal Public Defender, Sacramento, California, for the appellant.

Justain P. Riley, Deputy Attorney General, Sacramento, California, for the appellee.

---

**OPINION**

COWEN, Circuit Judge:

Ernest Lee Allen appeals the district court's order dismissing his petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 for failure to prosecute. Specifically, Allen asserts that the district court erred in not considering the evidence of his incompetence before dismissing the petition.[1] We have jurisdiction pursuant to 28 U.S.C. §§1291 and 2253 and will reverse and remand for further proceedings.

The circumstances of Allen's conviction have no bearing on this appeal. Proceeding pro se, Allen filed a federal habeas corpus petition claiming that his sentence constituted cruel and unusual punishment. The petition was unsigned. The district court issued an order requiring Allen to submit an amendment within thirty days, which included his signature. Two weeks later, Allen filed an amended petition which contained a photocopy, rather than an original, of his signature, and added two additional claims for ineffective assistance of counsel.

The district court *sua sponte* issued an order to show cause why the petition should not be dismissed for failure to exhaust the new claims. The order also reiterated the court's demand

---

[1]Allen's second and third certified issues for appeal are foreclosed by *Pliler v. Ford*, 524 U.S. 225, 124 S. Ct. 2441, 2445-46 (2004).

that Allen submit an amendment bearing an original signature. The order warned that "failure to comply . . . may result in a recommendation that the action be dismissed . . . ." (E.R., Tab 2 at 4).

Approximately one month later, Allen filed a motion for an extension of time to answer the order to show cause on the grounds that he does not have adequate access to the courts, is mentally impaired, and does not know how to respond to the order. The motion included his own sworn declaration and a sworn declaration of another inmate, Charles Johnson. Each declaration explains that Allen is mentally ill and does not understand the district court's orders. Allen also attached a letter from the prison psychiatrist whose care he is under while placed in the Enhanced Outpatient Program at the prison. This letter states that Allen is diagnosed with Chronic Undifferentiated Schizophrenia and is taking two psychotropic medications.

The district court extended the time for Allen to respond to the order to show cause. However, Allen did not timely respond and a Report and Recommendation was issued suggesting that the action be dismissed for failure to prosecute. Approximately two weeks later, Allen filed a motion for appointment of counsel explaining that he suffers from a "debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications. His mental condition and the side-effects associated with the prescribed medications, severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court." (E.R., Tab 5 at 3). The district court denied this motion.

Allen filed objections to the Report and Recommendation, asserting that the court erred by failing to consider his extenuating circumstances, specifically his mental illness and limited access to the law library. Despite these objections, the district court dismissed the petition. This appeal followed.

We review *de novo* a district court's order denying a petition for writ of habeas corpus. *See Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Findings of fact made by the district court relevant to the dismissal of the habeas petition are reviewed for clear error. *See Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir. 1995). However, we review for abuse of discretion a district court's order dismissing an action for lack of prosecution or failure to comply with a court order. *See Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999).

[1] Allen asserts that the district court erred in dismissing his petition for failure to prosecute without evaluating his assertions of incompetence.[2] As evidence of his incompetence, Allen submitted his own sworn declaration and that of another inmate. Each declaration explains that Allen is mentally ill and does not understand the court's instructions. As further support, Allen included a letter from the prison psychiatrist, dated April 8, 2002, which stated that Allen is under his care, diagnosed with Chronic Undifferentiated Schizophrenia, and is taking two psychotropic medications. Neither the Report and Recommendation nor the subsequent district court order adopting it mention the evidence of incompetence.

[2] Additionally, there is no reason other than his mental illness why Allen could not have sent an original signature and pleaded that he did exhaust his state court remedies, especially given the fact that he had exhausted all of his claims. The allegations in Allen's motion for an extension of time and his motion for appointment of counsel, together with the

---

[2]Although not specified in the order, the dismissal was with prejudice because under Fed. R. Civ. P. 41, dismissals for failure to prosecute are deemed adjudications on the merits, unless otherwise specified. Further, despite Allen's argument to the contrary, we will interpret the order as a dismissal for failure to prosecute (as stated in the order), rather than a summary dismissal or a dismissal for failure to comply with the court's order.

admissible evidence Allen offered in support of these motions, establish that he suffers from a mental illness, the mental illness prevents him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period. Because the allegations are unrebutted, the district court was required to take them as true in deciding whether to dismiss the petition. *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003); *Roberts v. Corrothers*, 812 F.3d 1173, 1177 (9th Cir. 1998).

**[3]** Pursuant to Fed. R. Civ. P. 17(c), courts are required to "appoint a guardian ad litem for an . . . incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the . . . incompetent person." *Id.* This Rule applies to habeas petitioners as it does to other civil litigants. Rule 11 of the Rules Governing Habeas Corpus Cases provides that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules.

**[4]** In a non-habeas civil action, this Court held that if an "incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (citation omitted). This Court further reasoned that when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary. *See id.*

**[5]** The State argues that we should refrain from applying the *Krain* reasoning to habeas proceedings as this would create a per se rule of counsel for mentally incompetent petitioners. This argument is meritless. We do not hold that a petitioner should be appointed counsel for habeas proceedings. We merely rule that counsel should be appointed for the limited purpose of representing the petitioner at the compe-

tency hearing as required by Rule 8 of the Rules Governing Section 2254 Cases, should the district court determine it advisable. Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) [public defender].").

Similarly, the State's other reason for distinguishing *Krain* —that here the court dismissed for failure to prosecute whereas in *Krain* the court dismissed for failure to comply with the court order—merely notes a distinction without a difference. The State fails to point out, and we have not found, any reason to adopt different rules regarding competency determinations for these two types of dismissals.

**[6]** A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented. Although the case at bar has a slightly different procedural posture than *Krain*, its basic principle is applicable here: Where a party's incompetence in fact caused him to fail to prosecute or meet a filing deadline, the action should not be dismissed on such grounds.

**[7]** Here, there was sufficient evidence of incompetence at least to require the district court to make a competency determination. Although the evidence of incompetence may not have been artfully presented, the district court must construe pro se habeas filings liberally. *See Maleng v. Cook*, 490 U.S. 488 (1989). The State sets forth possible reasons the district court may have found there was insufficient evidence of incompetence (i.e., finding that the declarations were not credible or determining there was no nexus between Allen's schizophrenia and associated medications and his inability to understand instructions). However, the explanations provided are mere speculation. We cannot determine whether the district court abused its discretion based on such conjecture.

**[8]** Because there was sufficient evidence of Allen's incompetence, the district court abused its discretion in dismissing the petition for failure to prosecute without first holding a competency hearing or otherwise considering his claim. We therefore reverse the district court's dismissal order and remand for further factual development. On remand, the district court should conduct a competency hearing to determine whether Allen is competent under an appropriate standard for habeas petitioners. If the district court determines that Allen is incompetent, it has discretion to appoint a guardian ad litem or enter such other order it deems proper to protect Allen's interests.

**REVERSED AND REMANDED**.