**Steve Roy SCHRIVER, Petitioner–Appellant,**

v.

**Cal TERHUNE, Director, Respondent–Appellee.**

**No. 05–16431.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Nov. 2, 2006.

Steve Roy Schriver, Ione, CA, pro se.

John J. Jordan, Esq., San Francisco, CA, for Petitioner–Appellant.

David H. Rose, Esq., Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Steve Roy Schriver appeals the district court's order dismissing as untimely his second petition for habeas relief under 28 U.S.C. § 2254. The district court previously dismissed without prejudice Schriver's first petition—which was timely filed but "mixed"—for failure to exhaust certain claims in state court. Because Schriver waited to file his first federal habeas petition until six days before AEDPA's one-year statute of limitation elapsed, dismissal of the petition close to three years later meant that any future petition would be untimely. *See Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (holding that the AEDPA statute of limitation is not tolled during the pendency of a federal petition). On appeal, Schriver contends that the district court erred in granting the state's motion to dismiss his first petition because he was able to exhaust prior to the district court's ruling on the motion.

Schriver asserts that he is entitled to equitable tolling of the AEDPA statute of limitation or relation back of his second petition as an amendment to his first timely petition. Alternatively, he argues that the district court erred by not granting him a stay to exhaust his claims before the state court. We review the district court's dismissal de novo. *See Espinoza–Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir.2005).

We recognize that at the time it ruled on Schriver's petition, the district court did not have the benefit of the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). There, the Court addressed the question of when a district court has the discretion to grant a stay and hold a mixed habeas petition in abeyance while a petitioner returns to state court to exhaust his unexhausted claims. *Id.* at 271–72. Acknowledging that "[d]istrict courts do ordinarily have authority to issue stays," *id.* at 276 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)), the Court held that AEDPA does not de-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

prive them of that authority. *See id.* The Court then went on to lay down the test for when a stay and abeyance is appropriate in the habeas context:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 278. The Court recognized, however, that even where a stay and abeyance is appropriate, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

Though Schriver never moved formally for a stay before the district court, his desire to return to state court to cure his mixed petition was clear. In his "Motion to Dismiss Without Prejudice and Leave to Exhaust Remedies in Lower Court," Schriver requested explicitly "leave to exhaust all unexhausted issues filed in [the first habeas petition]." Moreover, before the district court ruled on Schriver's motion or the government's motion to dismiss, Schriver returned to state court, exhausted his claims, and filed with the district court a "Notice/Motion of Completion of Exhaustive Remedies in Lower Court and Motion to Proceed Within the Above Matter." In this second motion, Schriver requested "that the court allow this matter to proceed before the court as presented within the original complaint [because] all issues within the complaint has [sic] been exhausted."

At the time of his district court filings, Schriver proceeded pro se, and courts must "construe pro se habeas filings liberally." *Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir.2005); *see also Belgarde v.*

*Montana,* 123 F.3d 1210, 1213 (9th Cir. 1997) ("We construe a pro se litigant's habeas petition with deference."). Indeed, courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). Despite Schriver's inartful language, the district court should have recognized his clear request for a stay of his petition pending exhaustion of his unexhausted claims and construed his motion to dismiss accordingly. Viewed through the lens of *Rhines,* it was error for the district court to dismiss the petition without considering the stay-and-abeyance option, and we must remand for a determination of whether Schriver would have been entitled to this relief. *See Jackson v. Roe,* 425 F.3d 654, 656 (9th Cir.2005) (remanding to the district court for application of the *Rhines* stay-and-abeyance test).

Had the district court considered the stay-and-abeyance option and granted a stay, the first petition would not have been dismissed, and Schriver would be entitled to equitable tolling for the time period affected by the district court's improper dismissal—i.e., the period between dismissal of the first petition and filing of the second petition. *See Jefferson v. Budge,* 419 F.3d 1013, 1017 (9th Cir.2005) (" '[A] district court's erroneous dismissal of a mixed habeas petition is sufficiently extraordinary to justify equitable tolling.' " (quoting *Smith v. Ratelle,* 323 F.3d 813, 819 (9th Cir.2003))). Thus, if the district court applies the *Rhines* test and further determines that Schriver acted with reasonable diligence in exhausting his claims following the filing of his motion to dismiss, *see Rhines,* 544 U.S. at 278, 125 S.Ct. 1528, Schriver would be entitled to a hearing on the merits of his now-exhausted petition.

Finally, we note that Schriver's argument that his second petition should relate back to his first, timely filed petition is foreclosed by our case law. *See Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir. 2006) ("[W]e hold that a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition.").

The district court's dismissal of Schriver's second habeas petition is **VACATED**, and we **REMAND** for such further proceedings as the district court deems appropriate on an open record.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.