**Gerald Bruce JOHNSON, Petitioner—Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent—Appellee.**

**No. 07–55647.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed July 28, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2. *Id.* at 694, 104 S.Ct. at 2068.

Gerald Bruce Johnson, Norco, CA, pro se.

David A. Schlesinger, Esq., Guerrero Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner–Appellant.

Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Gerald Bruce Johnson appeals the order of the district court denying his first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253(a), and affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

■ The district court was not obliged to accept Johnson's position that his pleas were induced by unfulfilled promises about the length of his prospective sentence. *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005), upon which Johnson relies, does not compel a different result as there, the petitioner's statements were sworn, unrebutted, and corroborated. *Id.* at 1153–54.

## II

■ The California Court of Appeal's determination was not contrary to, or an unreasonable application of, clearly established federal law. It did not bar Johnson categorically from challenging voluntariness, as Johnson argues. Nor did the state court misapprehend *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). To the extent relevant, *Blackledge* indicates that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74, 97 S.Ct. 1621. The appellate court's decision is in accord: Johnson indicated in writing, and both he and his counsel at the plea colloquy represented, that there were no deals. Johnson was fully advised by the court of sentencing options, including the one that was ultimately imposed, which Johnson acknowledged that he understood. And when sentenced, Johnson said he would use the ten years to improve himself.

## III

■ Nor did the district court preclude Johnson from asserting his claims, as Johnson argues; it simply (and properly) found that he failed to overcome the "formidable barrier" that his own sworn state-ments at the plea hearing erected. *See Blackledge*, 431 U.S. at 73–74, 97 S.Ct. 1621. To the extent that Johnson maintains the district court should have held an evidentiary hearing, the record before the court neither required expanding nor raised factual disputes that required resolving. *See Perez v. Rosario*, 459 F.3d 943, 954 (9th Cir.2006). Johnson adduced no evidence that what he or his counsel said in open court was untrue. Neither did he show that he would not have pled guilty and would have insisted on going to trial but for the promises that his counsel allegedly made.

In sum, the district court did not err in any of the respects claimed. *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.