**Kennard Lee DAVIS, Petitioner–Appellant,**

v.

**James WALKER, Respondent–Appellee.**

No. 07–55963.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2009.

Filed Aug. 17, 2009.

Kurt David Hermansen, Law Office of Kurt David Hermansen, San Diego, CA, for Petitioner–Appellant.

Kennard Lee Davis, Represa, CA, pro se.

Herbert S. Tetef, Deputy Attorney General, Office of the California Attorney Gen-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eral, Los Angeles, CA, for Respondent–Appellee.

Before CANBY, WARDLAW, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Kennard Lee Davis appeals from the district court's denial of his multiple requests for counsel on the ground of incompetency and the dismissal of his federal habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand for a competency determination.[1]

We construe Davis's pro se requests for counsel liberally. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir.2008). A pro se plaintiff "is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir.2005). The "district court abused its discretion in dismissing the petition ... without first holding a competency hearing," *id.* at 1153–54, because Davis put forth substantial evidence that he "may be suffering from a condition that materially affects his ability to represent himself ... or otherwise to understand the nature of the proceedings," *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir.1986) (citations omitted). Like Allen, Davis submitted his own and his fellow inmates' declarations stating that he was incapable of representing himself, as well as mental health records showing a diagnosis of schizoaffective disorder, bipolar type, and involuntary treatment with psychotropic medications, including during habeas proceedings. Given this substantial evidence, the district court erred in dismissing the petition without holding an evidentiary hearing as to competency.

Furthermore, Rule 8(c) Governing Section 2254 Cases mandates that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A [ (providing that indigent habeas petitioners are entitled to counsel when 'the interests of justice so require')]." Thus, "counsel should be appointed for the limited purpose of representing the petitioner at the competency hearing as required by Rule 8...." *Allen*, 408 F.3d at 1153.

**REVERSED and REMANDED for proceedings consistent with this disposition.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We dismiss as moot Davis's pro se motion for equitable tolling, filed on January 23, 2009.