**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOANG MINH TRAN, | No. 13-56790 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02457-BTM-WVG |
| v. | |
| WILLIAM D. GORE, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted March 10, 2015[**]

Before:      FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Former California state prisoner Hoang Minh Tran appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive

force and deliberate indifference. We have jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion the dismissal for failure to comply with a

---

  [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

court order. *Allen v. Calderon*, 408 F.3d 1150, 1152 (9th Cir. 2005). We affirm.

The district court did not abuse its discretion in dismissing Tran's action because, despite the court's warnings, Tran failed to comply with the order to either respond to defendants' discovery requests or seek dismissal. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam) (discussing five factors for determining whether to dismiss for failure to comply with a court order).

The district court did not abuse its discretion in denying Tran's motions for appointment of counsel because Tran failed to demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (standard of review and requirements for appointment of counsel).

The district court did not abuse its discretion in denying Tran's request for a formal competency hearing because Tran failed to demonstrate a substantial question as to his mental competence. *See Allen*, 408 F.3d at 1153-54 (a pro se plaintiff in a civil lawsuit is "entitled to a competency determination when substantial evidence of incompetence is presented").

The district court did not abuse its discretion in denying Tran's request to appoint a next friend or guardian ad litem. *See Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002) (test for appointment

of next friend); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804-05 (9th Cir. 1986) (standard of review for appointment of guardian ad litem).

The district court did not abuse its discretion in denying Tran's Rule 60(b) motion because Tran failed to establish any ground for relief from judgment. *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (setting forth grounds for relief under Rule 60(b)).

We reject Tran's contention that he demonstrated entitlement to appointed counsel under the Americans with Disabilities Act or the Rehabilitation Act, and his contention that the district court denied him due process in evaluating his claims of incompetence.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Tran's motion to proceed in forma pauperis, filed on March 12, 2014, is denied as unnecessary.

**AFFIRMED.**

13-56790