**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN E. FIELDS, | No. 13-16659 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01771-DLB |
| v. | |
| J. TUCKER, Plumber; S. MARSH; L. MOLINA, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

After a jury trial, the district court entered judgment in favor of various

prison officials in a prisoner's damages suit alleging unsafe and unsanitary cell

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

conditions.[1]  The prisoner, Kevin Fields, appeals.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fields has not met his burden of showing that the district court abused its discretion by not ordering a cell extraction to enforce its order compelling the testimony of a neighboring prisoner, Anthony Mack.  *See Barnett v. Norman*, 782 F.3d 417, 424 (9th Cir. 2015).  After Mack refused to appear for trial, Fields did not ask to take Mack's testimony by any means short of cell extraction, such as by deposition, declaration, or via the telephone.  It was not an abuse of discretion for the trial court to decline the invitation to order Mack forcibly removed from his cell and it was not at all clear that Mack would have offered useful testimony had he been removed from his cell against his will.  It is telling that Fields's hope that Mack's testimony would help him was not supported by any declaration or prior statement from Mack himself.  Second, even assuming that Mack could testify to knowing of Fields's complaints about his cell conditions, the prison officials admitted that Fields had complained about the cell conditions, so at least part of Mack's testimony would have been cumulative.  Given the danger a cell extraction poses to all concerned – the inmate and the staff alike – it was not an abuse of

---

[1]  The parties are familiar with the facts, so we will not recount them here.

discretion to decline to order the use of force in a case of this nature. We emphasize that Fields only requested a cell extraction, and did not seek less draconian ways to obtain the testimony.

Nor has Fields met his burden of showing that substantial evidence at trial triggered the district court's duty to inquire into his competence. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Fields appeared ready for trial and indicated that he could proceed despite having taken morphine. At no point during trial did Fields ask to continue the proceedings due to the morphine. Fields knew how to request a continuance based on his morphine issues; he had done so once before in this case. At the time of trial, Fields was litigating several other cases before the district court. The district court did not err by not sua sponte inquiring into Fields's competence to proceed.

**AFFIRMED.**