NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEWAY MENGISTU,

Plaintiff-Appellant,

v.

M. LOPEZ, Officer #37047; et al.,

Defendants-Appellees.

No. 12-56982

D.C. No. 2:08-cv-03586-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding[**]

Submitted February 14, 2017[***]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Neway Mengistu appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

out of his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and for failure to prosecute, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Mengistu's action after Mengistu failed to comply with court orders or meet deadlines, despite being warned that failure to comply would result in dismissal. *See Al-Torki*, 78 F.3d at 1384 (discussing factors to be considered before dismissing a case for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)). Because we affirm the district court's dismissal of Mengistu's action for failure to prosecute, we do not consider his challenges to the district court's interlocutory orders. *See Al-Torki*, 78 F.3d. at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

12-56982

Contrary to Mengistu's contention, the district court was not obligated to hold a competency hearing before dismissing his action because there was insufficient evidence of mental incompetence. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (a pro se civil litigant is "entitled to a competency determination when substantial evidence of incompetence is presented"); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986) (standard of review).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (setting forth limited exceptions). Accordingly, Mengistu's request, filed August 27, 2014, to supplement the appellate record with documents not presented to the district court is denied.

We reject as without merit Mengistu's contentions that the dismissal should be construed as with prejudice and that the district improperly relied on representations by attorney Plowden.

Mengistu's motion to authenticate certain documents, filed on July 21, 2015, is denied. Mengistu's motion to file the reply brief under seal, filed on October 17,

2016, is granted.

**AFFIRMED.**