**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNARD LEE DAVIS,

          Petitioner-Appellant,

  v.

A. J. MALFI,

          Respondent-Appellee.

No.   15-55561

D.C. No.
2:06-cv-04744-JVS-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 8, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and GONZALEZ ROGERS,[**]
District Judge.

    Kennard Lee Davis appeals the district court's dismissal of his federal

habeas corpus petition, which it deemed barred by AEDPA's one-year statute of

limitations. *See* 28 U.S.C. § 2244(d)(1). We have jurisdiction under 28 U.S.C. §

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Yvonne Gonzalez Rogers, United States District Judge
for the Northern District of California, sitting by designation.

2253, and we vacate and remand for further proceedings.

One principal question presented is whether Davis's petition was eligible for statutory tolling. Under 28 U.S.C. § 2244(d)(2), the statute of limitations does not run while a "properly filed" state habeas petition is pending. To be "properly filed," a petition must be timely filed under state law. *Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016). California courts apply a "reasonableness" standard to determine whether a habeas petition was timely filed. *Id.* Under that standard, a petition's timeliness "is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." *In re Robbins*, 959 P.2d 311, 317 (Cal. 1998).

Here, the California Supreme Court summarily denied Davis's petition with the following citations: "*In re Clark* (1993) 5 Cal.4th 750; *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474." *Clark* signals dismissal with prejudice either for lack of timeliness or for an attempt at successive proceedings after a petition is denied, while *Swain* and *Duvall* signal dismissal without prejudice for failure to plead with specificity. *See Curiel*, 830 F.3d at 870–71 (majority opinion); *id.* at 877 n.3 (Bybee, J., concurring).

Because we conclude that some of Davis's claims were timely, his petition warrants statutory tolling. *See Campbell v. Henry*, 614 F.3d 1056, 1062 (9th Cir.

2

2010). Davis's state habeas petition, both as originally filed and as supplemented, raised claims concerning his (1) trial and conviction in May 2002 and (2) subsequent appeal and appellate representation through April 20, 2004. We understand the California Supreme Court's *Clark* citation to mean that it concluded that Davis's unexplained 25-month delay in bringing his trial-related claims rendered those claims untimely.[1] *See Evans v. Chavis*, 546 U.S. 189, 201 (2006) (holding that California courts would deem an unexplained 6-month delay to be unreasonable). But we do not believe Davis's short delay in bringing his appeal-related claims was also seen as unreasonable, especially when the California Supreme Court denied a similar petition just a few months earlier as premature. Instead, those unsupported claims appear to have been dismissed without prejudice under *Swain/Duvall*. Accordingly, Davis's federal petition warrants statutory tolling until July 24, 2005—one day before it was filed.

The next question is whether Davis is entitled to an evidentiary hearing to further develop the record on his equitable tolling claim. We conclude that he is not. Davis contends that we have already required such a hearing in a prior appeal, *Davis v. Walker*, 334 F. App'x 847, 848 (9th Cir. 2009). We disagree. In the prior appeal, we simply required that the district court hold an evidentiary hearing as to

---

[1] All of the trial-related claims here should have been known at the time of Davis's conviction. *See In re Clark*, 855 P.2d 729, 738 n.5 (Cal. 1993). Davis's appellate counsel did not raise these claims in Davis's timely direct appeal.

3

Davis's then-present competency to proceed on his habeas petition pro se. *Id.* We did not require a hearing to expand the record on Davis's *past* competency to file such a petition. *See id.* The district court was well within its direction to deny a hearing because the record was already "amply developed," with more than 700 pages of records from the relevant period. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

The last certified issue is whether Davis is entitled to equitable tolling "due to court error in dismissing [his 2005 federal habeas action]." Although the district court certified only one of Davis's equitable tolling arguments, "it is not arguments that are certified, it is issues and claims." *Koerner v. Grigas*, 328 F.3d 1039, 1049 n.3 (9th Cir. 2003) (citation omitted). We consider whether Davis's petition could warrant equitable tolling on any ground supported by the record.

After giving Davis the benefit of statutory tolling, his federal habeas corpus petition was only one day late. Under our circuit's stop-clock rule, Davis was "entitled to use the full one-year statute-of-limitations period." *Grant v. Swarthout*, 862 F.3d 914, 919 (9th Cir. 2017). If Davis shows an entitlement to tolling for any amount of time during the limitations period, then that time is to be subtracted from the total number of days that have passed from the date on which the AEDPA limitations period began to run. *See id.* at 918. "If, after [the days

during a tolled period] are subtracted, less than 365 days have passed," Davis's one day of lateness is excused and his petition is timely. *Id.*

The district court's order and magistrate judge's report and recommendation recognized that Davis suffered a debilitating mental health crisis from April 19 to 24, 2006, just three months before he filed the detailed 27-page federal habeas petition the dismissal of which is at issue here. But neither the district court judge nor the magistrate judge assessed whether Davis's incapacitation during this six-day period—which amounted to "extraordinary circumstances" because of Davis's mental state—warranted equitable tolling of AEDPA's statute of limitations under *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010).

Because equitable tolling of this period would make Davis's petition timely but the district court has made no findings as to Davis's diligence in filing his petition, we remand for further factual development solely on the issue of due diligence of Davis. On remand, the district court should consider, after conducting an evidentiary hearing if necessary, whether Davis diligently pursued his rights from the end of his severe mental health crisis through the date of filing his petition. *See In re Milby*, 875 F.3d 1229, 1233–34 (9th Cir. 2017); *Luna v.*

5

*Kernan*, 784 F.3d 640, 652 (9th Cir. 2015). If he was diligent, then the court should proceed to the merits of his petition.[2]

**VACATED and REMANDED.**

---

[2] We reject Davis's other equitable tolling arguments, so they need not be revisited on remand. Also, we decline to broaden the certificate of appealability to include Davis's uncertified claim. Davis contends that "the interests of justice are better served by addressing the merits" of this claim, but that is not AEDPA's standard. Instead, AEDPA requires that Davis make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Davis has identified no constitutional rights at issue here, let alone made a substantial showing that those rights were violated. *See Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam). Because appellant is represented by counsel, only counsel may file motions, this court therefore declines to entertain pro se submissions at docket entries 160-163, 168, 169.