NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CURTIS RENEE JACKSON,

                    Plaintiff-Appellant,

    v.

J. MENDEZ; et al.,

                    Defendants-Appellees.

No.    15-17448

D.C. No. 1:11-cv-00080-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted May 15, 2018
San Francisco, California

Before:  WALLACE and N.R. SMITH, Circuit Judges, and BATTS,** District
Judge.

    Curtis Renee Jackson, who is incarcerated at the Pleasant Valley State

Prison in Coalinga, California, appeals from a judgment following a jury verdict in

favor of various prison officials (collectively, "Defendants") on his 42 U.S.C. §

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Deborah A. Batts, United States District Judge for the
Southern District of New York, sitting by designation.

1983 claim. He challenges various evidentiary rulings as well as the district court's rulings denying his motion for appointment of counsel and its alleged failure to *sua sponte* hold a competency hearing. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's refusal to grant a writ of *habeas corpus ad testificandum*, *Wiggins v. Alameda County*, 717 F.2d 466, 468 & n.1 (9th Cir. 1983), its evidentiary rulings, *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000), its refusal to appoint counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and its decision whether to hold a competency hearing or otherwise consider a claim of incompetence. *Allen v. Calderon*, 408 F.3d 1150, 1153–54 (9th Cir. 2005).

1. <u>Attendance of O'Neal</u>. The district court did not abuse its discretion in denying Jackson's motion to have Michael O'Neal, another inmate, testify at trial. Jackson's argument lacks merit because the district court could reasonably conclude that O'Neal's testimony would not "substantially further the resolution of the case," *see Wiggins*, 717 F.2d at 468 n.1, as O'Neal would have testified to actions by Defendant Mendez that were no longer at issue in Jackson's trial.

2. <u>Evidence of other assaults allegedly committed by Mendez</u>. Nor did the district court abuse its discretion in excluding testimony by three inmate witnesses regarding other assaults allegedly committed by Defendant Mendez. On the record before it, the district court could reasonably conclude the excluded evidence did

not satisfy Federal Rule of Evidence 404(b), as Jackson failed to articulate how the testimony would show Mendez's intent or plan. In addition, the district court could reasonably conclude that the probative value of the excluded testimony was substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury under Rule 403 given the danger that disputes over the inmate witnesses' credibility and recollection would detract from the main issue. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001).

3. <u>Doctor's notes</u>. The district court did not abuse its discretion in excluding the notes taken by the doctor who examined Jackson nearly one month after the alleged assault occurred. Jackson did not present testimony by a document custodian, or otherwise provide certification, to authenticate the doctor's notes. *See* Fed. R. Evid. 803(6)(D).

4. <u>Appointment of counsel</u>. Absent exceptional circumstances, "a person has no right to counsel in civil actions." *Palmer*, 560 F.3d at 970. The district court did not abuse its discretion in finding that Jackson was able to represent himself after he ably survived summary judgment, particularly given that his case did not involve particularly complex legal issues. *See id.* Although Jackson has documented mental health issues, his doctor stated that he was "stable and able to participate in" the proceedings before the district court.

15-17448

5. <u>Competency hearing</u>. The district court also did not abuse its discretion in failing to conduct *sua sponte* a competency hearing. "[W]hen a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence." *Allen*, 408 F.3d at 1153 (citing *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989)). For the same reasons that the district court's decision not to appoint counsel for Jackson was not an abuse of discretion, the district court did not abuse its discretion in failing to hold a competency hearing. This is particularly true where Jackson did not make a motion for a competency hearing and where there was already evidence in the record regarding his competence. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) ("District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful.").

**AFFIRMED.**