**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL GATES, | No. 17-56107 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02018-DDP-JC |
| v. | |
| MARCELO, Dr.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Michael Gates, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment because Gates failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of Gates's ear pain and hearing impairment. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Gates's motions for appointment of counsel because Gates failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel). Contrary to Gates's contention, the documents that Gates submitted did not require the district court to hold a competency hearing. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

We reject as meritless Gates's contention that the district court erred in its decision regarding Gates's motion for an extension to complete discovery, because the district court granted Gates's motion and provided him with his requested extension.

**AFFIRMED.**

17-56107