**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.W. CARLSON, | No. 20-17368 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04111-SPL-JZB |
| v. | |
| PAUL PENZONE, Sheriff; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Arizona state prisoner J.W. Carlson appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations while he was a pretrial detainee.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Gordon v. County of Orange*, 888 F.3d 1118, 1122

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2018). We affirm.

The district court properly granted summary judgment on Carlson's Fourteenth Amendment failure-to-protect claim because Carlson failed to raise a genuine dispute of material fact as to whether the conditions under which he was confined put him at substantial risk of serious harm and whether the conduct to abate that risk was objectively unreasonable. *See Mabe v. San Bernardino County*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (discussing requirements to establish municipal liability under § 1983, which includes a showing of a deprivation of a constitutional right); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth elements of a Fourteenth Amendment failure-to-protect claim brought by a pretrial detainee).

The district court did not err by denying Carlson's motions for a competency hearing and appointment of a guardian ad litem because there was insufficient evidence of mental incompetence. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (a pro se civil litigant is "entitled to a competency determination when substantial evidence of incompetence is presented"); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986) (standard of review).

The district court did not abuse its discretion by denying Carlson's motion for appointment of counsel because Carlson failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**