**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACOB SMITH,

   Petitioner-Appellant,

 v.

JIM SALMONSEN; ATTORNEY
GENERAL FOR THE STATE OF
MONTANA,

   Respondents-Appellees.

No. 21-35942

D.C. No. 6:21-cv-00070-SEH

MEMORANDUM[*]

---

JACOB SMITH,

   Petitioner-Appellant,

 v.

JIM SALMONSEN; ATTORNEY
GENERAL FOR THE STATE OF
MONTANA,

   Respondents-Appellees.

No. 21-35944

D.C. No. 6:21-cv-00040-SEH

---

JACOB SMITH,

   Petitioner-Appellant,

No. 21-35945

D.C. No. 6:21-cv-00014-SEH

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

LYNN GUYER; ATTORNEY GENERAL
FOR THE STATE OF MONTANA,

Respondents-Appellees.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 6, 2023[**]
Portland, Oregon

Before:  M. SMITH, FORREST, and SUNG, Circuit Judges.

Petitioner Jacob Smith appeals from the district court's dismissal of his three 28 U.S.C. § 2254 petitions for failure to prosecute under Federal Rule of Civil Procedure 41(b).  We review a district court's dismissal for failure to prosecute for abuse of discretion.  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1.     The district court did not err by failing to assess Smith's competence before dismissing his petitions.  Pursuant to *Allen v. Calderon*, a pro se litigant "is

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

entitled to a competency determination when substantial evidence of incompetence is presented" to the district court. 408 F.3d 1150, 1153 (9th Cir. 2005). "Where a party's incompetence in fact caused him to fail to prosecute or meet a filing deadline, the action should not be dismissed on such grounds." *Id.*

In this case, Smith did not raise the issue of his current competency to the district court, nor was there any evidence that he was incompetent during the pendency of his habeas actions. Rather, he argued he was incompetent *during the state proceedings that underlie his petitions*. The district court was not required to assess Smith's current competency to proceed in his habeas actions based on Smith's assertion that he was previously unfit to plea in state criminal proceedings several years before, given the absence of any indication of current incompetence. *Allen* is, therefore, inapposite.

2.      The district court otherwise did not abuse its discretion by dismissing Smith's petitions. A court must consider five factors before dismissing pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). "We may affirm a dismissal where at least four factors support

dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Turning to this case, the first factor—as it always does—favors dismissal. *Pagtalunan*, 291 F.3d at 642. Given Smith's noncompliance with the district court's multiple extended deadlines, the second factor strongly favors dismissal. *See id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

When evaluating the third factor, courts "consider prejudice and delay together to determine whether there has been *sufficient* delay or prejudice to justify a dismissal." *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (cleaned up) (emphasis in original). "The law presumes injury from unreasonable delay," and "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice." *Id.* at 1452 (citation omitted). However, "if there is a showing that no actual prejudice occurred, that fact[] should be considered." *Id.* at 1453. Courts also "relate[] the risk of prejudice to the plaintiff's reason for defaulting." *Pagtalunan*, 291 F.3d at 642.

In this case, there is little if any actual prejudice to Respondents, as the State of Montana never responded to Smith's petitions. Balanced against this lack of actual prejudice are Smith's reasons for delay. *See id*. at 642–43. Smith asserts that

4

he missed deadlines because COVID interfered with his ability to use the prison law library and, after he missed his first extended deadline, prison officials stole his legal research. While Smith may have had good cause to ask for some additional time, Smith blew past *three* extended deadlines despite the court's warnings that failure to respond timely would result in dismissal. Given the extent of Smith's delays and his relatively weak justification for the untimeliness, this factor favors dismissal, though not heavily. *See id.* at 643 (finding third factor satisfied due to unreasonable delays even absent actual prejudice to the government, which had not responded to petitioner's habeas petition).

Factor four strongly favors dismissal. The district court tried less drastic alternatives by extending Smith's deadline three times and warning each time that failure to comply may result in dismissal. *See Malone v. USPS*, 833 F.2d 128, 132–33 (9th Cir. 1987) (warning of potential for dismissal and use of alternative methods prior to dismissal suffice to meet fourth factor). Finally, the fifth factor inherently counsels against dismissal because "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. On balance, the district court did not abuse its discretion because four factors support dismissal.

3.  The district court did not abuse its discretion by failing to explain its reasoning for dismissing the petitions. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) ("Although it is preferred, it is not

required that the district court make explicit findings in order to show that it has considered the [dismissal] factors . . . ." (citations omitted)).

**AFFIRMED.**